FILED

BILLINGS, MT

2006 JAN 5 PM 12 00

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | Cause No. CV 05-166-BLG-RWA |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JAMES MacDONALD, WARDEN OF | ) | |
| CCC, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 30, 2005, Petitioner Jarvis Carter applied to proceed *in forma pauperis* with this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Carter is a state prisoner proceeding *pro se*.

The instant Petition challenges the manner in which Carter's state sentences are being executed. He contends that, because he was sentenced to a seven-year term, with four years suspended, and

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

to a one-year term, and those sentences were to run consecutively, he should serve three years in prison, then the four-year suspended term, then return to prison to serve another year. *See* Pet. (doc. 1) at 4, ¶ 15A.

On September 9, 2005, Carter filed a petition for writ of habeas corpus, alleging that Mont. Code Ann. § 46-18-401(1) prohibits the Department of Corrections ("DOC") from "merging" the prison terms of his consecutive sentences so that he serves each consecutive prison term before he completes each consecutive sentence. *See* Pet. (doc. 1) at 4-5, ¶¶ 15A-B, *Carter v. Montana Dep't of Corrections*, No. CV 05-119-BLG-RFC(RWA) (D. Mont. filed Sept. 9, 2005). That petition, as well as a certificate of appealability, was denied by United States District Judge Richard F. Cebull on December 9, 2005. *See* Order (doc. 8), *Carter*, No. CV 05-119-BLG-RFC(RWA).

Carter's Petition in this case simply repeats, with a slightly different legal theory, his claims in the case that has already been dismissed. Consequently, the Petition is an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b). It should be dismissed. Carter may, if he chooses, apply to the Ninth Circuit Court of Appeals for leave to file a second or successive petition. The Court will provide him with the forms he requires for doing so. However, he is advised that he may not file another habeas petition in this Court on this matter.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Because the petition should be dismissed, the motion to proceed *in forma pauperis* should be denied.

## ORDER

Based on the foregoing, **IT IS ORDERED** that the Clerk of Court shall include with Carter's copy of this Order the following documents:

- Ninth Cir. R. 22-3;

- the Ninth Circuit's form application for leave to file a second or successive motion; and

- the Findings and Recommendation (doc. 5) and the Order of December 9, 2005, in *Carter*, No. CV 05-119-BLG-RFC(RWA).

## RECOMMENDATION

The undersigned United States Magistrate Judge, also **RECOMMENDS** that Carter's Petition (doc. 1) be DISMISSED as an unauthorized second or successive petition and his application to proceed *in forma pauperis* (doc. 2) be DENIED. If the Ninth Circuit Court of Appeals authorizes Carter to do so, he may file a new habeas petition, along with a copy of the Ninth Circuit's Order and a *forma pauperis* motion.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days

after the date on the certificate of mailing below, or objection is
waived.

DATED this 5th day of January, 2006.

Richard W. Anderson
United States Magistrate Judge

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

CIRCUIT RULE 22-3
APPLICATIONS FOR LEAVE TO FILE SECOND
OR SUCCESSIVE 2254 PETITION OR 2255 MOTION
- ALL CASES; STAY OF EXECUTION - CAPITAL CASES

(a)     Applications. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.  The application must:

   (1)     include a copy of the second or successive 2254 petition or 2255 motion which the applicant seeks to file in the district court; and
   (2)     state as to each claim presented whether it previously has been raised in any state or federal court and, if so, the name of the court and the date of the order disposing of such claim(s); and
   (3)     state how the requirements of sections 2244(b) or 2255 have been satisfied.

(b)     Excerpts of Record. If reasonably available to the petitioner, the application must include copies of all relevant state court orders and decisions and all dispositive district court orders in prior federal proceedings. If excerpts of record filed by petitioner are incomplete, respondent may file a supplemental excerpt of record.

(c)     Service. The petitioner must serve a copy of the application and all attachments on the respondent, and must attach a certificate of service to the application filed with the court.

(d)     Response. In noncapital cases, no response is required unless ordered by the court. In capital cases where an execution date is scheduled and no stay is in place, respondent shall respond to the application and file supplemental excerpts as soon as practicable. Otherwise, in capital cases, respondent shall respond and file supplemental excerpts within seven (7) calendar days of the date the application is served.

(e)     Decision. The application will be determined by a three-judge panel. In capital cases where an execution date is scheduled and no stay is in place, the court will grant or deny the application, and state its reasons therefore, as soon as practicable.

(f)     Stays of Execution. If an execution date is scheduled and no stay is in place, any judge may, if necessary, enter a stay of execution, *see* Circuit Rule 22-2(e), but the question will be presented to the panel as soon as practicable. If the court grants leave to file a second or successive application, the court shall stay petitioner's execution pending disposition of the second or successive petition by the district court.

current through 11/22/05

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, CA 94103

## APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION or MOTION UNDER 28 U.S.C. § 2254 OR § 2255

Docket Number _____ (to be provided by court)

Petitioner's name _____

Prisoner registration number _____

Address _____

_____

_____

_____

---

### Instructions - Read Carefully

1. This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury. An original and five (5) copies must be provided to the Clerk of the Ninth Circuit. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

2. All questions must be answered concisely and in relationship to the questioned asked on this form. You may attach extra pages if needed.

3. The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

4. The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

**You <u>Must</u> Answer the Following Questions:**

(1)     What conviction(s) are you challenging?

_____

_____

(2)     In what court(s) were you convicted of these crime(s)?

_____

_____

(3)     What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (9), provide information separately for each of your previous section 2254 or 2255 proceedings.  Use additional pages if necessary.**

(4)     With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under 28 U.S.C. § 2254 or § 2255?          Yes ☐     No ☐

(a) In which federal district court did you file a petition or motion?

_____

(b) What was the docket number?     _____

(c) On what date did you file the petition/motion?     _____

(5)     What grounds were raised in your previous habeas proceeding? (list all grounds and issues previously raised in that petition/motion)

_____

_____

_____

_____

_____

2

(6)   Did the district court hold an evidentiary hearing?   Yes ☐   No ☐

(7)   How did the district court rule on your petition/motion?

☐   District court **dismissed** petition/motion,
     if yes, on what grounds?   _____   _____

☐   District court **denied** petition/motion;

☐   District court **granted** relief;
     if yes, on what claims and what was the relief?

     _____

(attach copies of all reports and orders issued by the district court)

(8)   On what date did the district court decide your petition/motion?

     _____

(9)   Did you file an appeal from that disposition?   Yes ☐   No ☐

     (a) What was the docket number of your appeal?   _____

     (b) How did the court of appeals decide your appeal?   _____

(10)   State concisely each and every ground or issue you wish to raise in your
       current petition or motion for habeas relief.  Summarize briefly the facts
       supporting each ground or issue.

       _____
       _____
       _____
       _____
       _____
       _____
       _____

3

(11)   For each ground raised, was it raised in the state courts?  If so, what did the
state courts rule and when?

(12)   For each ground/issue raised, was this claim raised in any prior federal
petition/motion? (list each ground separately)

(13)   For each ground/issue raised, does this claim rely on a new rule of
constitutional law? (list each ground separately and give case name and
citation for each new rule of law)

(14)   For each ground/issue raised, does this claim rely on newly discovered
evidence? What is the evidence and when did you discover it?  Why has this
newly discovered evidence not been previously available to you?  (list each
ground separately)

4

_____

(15) For each ground/issue raised, does the newly discovered evidence establish your innocence?  How?

_____

_____

_____

_____

(16) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error?  Which provision of the Constitution was violated and how?

_____

_____

_____

_____

(17) Provide any other basis for your application not previously stated.

_____

_____

_____

_____

Signature:  _____       Date:  _____

## Proof of Service on Respondent MUST be Attached.

5